UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACIE CUMBUS,
o.b.o K.D.W, a Minor,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 19-CV-12540

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED MARCH 29, 2021 (Dkt. 24), (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 19), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 23), AND (4) REMANDING THE CASE**

This matter is presently before the Court on the Report and Recommendation (R&R) of David Grand, issued on March 29, 2021 (Dkt. 24). In the R&R, the magistrate judge recommends that the Court (i) deny Defendant's motion for summary judgment (Dkt. 23); (ii) grant in part and deny in part Plaintiff's motion for summary (Dkt. 19), granting Plaintiff's motion to the extent it seeks remand and denying the motion to the extent it seeks an award of benefits; and (iii) remand the case to the Commissioner of Social Security for further administrative proceedings consistent with the R&R.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court adopts the R&R (Dkt. 24); denies Defendant's motion for summary judgment (Dkt. 23); grants Plaintiff's motion for summary judgment (Dkt. 19) to the extent it seeks remand but denies Plaintiff's motion to the extent it seeks an award of benefits; and, pursuant to 42 U.S.C. § 405(g), remands this case to the Commissioner for further administrative proceedings.

SO ORDERED.

Dated: April 14, 2021  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge